# EXHIBIT A

Case 4:21-cv-03678   Document 1-1   Filed on 11/09/21 in TXSD   Page 2 of 9

4/30/2021 12:29 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 52997408
By: Maria Rodriguez
Filed: 4/30/2021 12:29 PM

CAUSE NUMBER:

| | |
|---|---|
| SCOTT WHITING | IN THE DISTRICT COURT |
| V. | ____ JUDICIAL DISTRICT |
| NEWMAR CORPORATION AND THE SHYFT GROUP USA, INC. F/K/A SPARTAN MOTORS, INC. AND CUMMINS INC. | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

SCOTT WHITING, Plaintiff, complains of **NEWMAR CORPORATION AND THE SHYFT GROUP USA, INC. F/K/A SPARTAN MOTORS, INC., AND CUMMINS INC.**, Defendants, and files this his Original Petition.

### DISCOVERY CONTROL PLAN

1. Pursuant to the Texas Rules of Civil Procedure, Plaintiff gives notice that he intends to pursue a discovery control plan pursuant to Rule 190.3 (Level 2).

### AMOUNT IN CONTROVERSY

2. Pursuant to Texas Rules of Civil Procedure 47©, Plaintiff states that he seeks monetary relief over $250,000 but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

### PARTIES

3. Plaintiff resides in Spring, Texas.

4. Defendant **NEWMAR CORPORATION** is an Indiana corporation authorized to conduct business in the State of Texas and may be served through its registered agent, Glenn L. Duncan, Thorne Grodnik, LLP at 228 West High Street, Elkhart, IN 45616.

5. Defendant **THE SHYFT GROUP USA, INC. F/K/A SPARTAN MOTORS, INC. (hereinafter "Spartan")** is a Michigan corporation authorized to conduct business in the State of Texas and may be served through its registered agent, C T Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

6. Defendant **CUMMINS INC.** is an Indiana corporation authorized to conduct business in the State of Texas and may be served through its registered agent, CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## VENUE AND JURISDICTION

7. Venue is proper in Harris County, Texas because Plaintiff resided in Harris County at the time the cause of action for breach of warranty accrued.

8. Jurisdiction is proper as the amount prayed for is within the jurisdictional limits of this Honorable Court.

## STATEMENT OF FACTS

9. Plaintiff a purchased 2019 Newmar Ventana, VIN: 4VZAT1D95KC086111 (the "Motorhome") for approximately $290,900. The Motorhome's chassis is manufactured and warranted by Defendant Spartan. The Motorhome's engine was manufactured and warranted by Defendant Cummins. The Motorhome was assembled by Defendant Newmar, who provides warranty coverage for the remaining systems and components of the Motorhome.

10. Plaintiff has had numerous problems with the Motorhome. Since purchase, the Motorhome has encountered an excessive number of defects, including but not limited to slide outs, water tanks, electrical system, air ride system, suspension, check engine light, DEF system, water leaks, oil leaks, HVAC system, and multiple trim items. Motorhome has been repaired at least 12 times, and spent approximately 6 months in the shop. The Motorhome still has problems despite numerous repair attempts.

## CAUSES OF ACTION

### Count 1: Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA")

11. Plaintiff is a "consumer" as defined in the DTPA.

12. Defendants violated the following provisions of the DTPA:

(1) §17.50(1): the use or employment of a false, misleading, or deceptive acts or practices as defined in §17.46(b)(5), §17.46(b)(7), §17.46(b)(12), §17.46(b)(20), and §17.46(b)(24) of the DTPA that were detrimentally relied upon by Plaintiff;

(2) §17.50(2): breach of express warranty, as defined in §2.313 of the Texas Business and Commerce Code;

(3) §17.50(2): breach of the implied warranty to perform repairs in a good and workmanlike manner, as set forth in *Melody Home Mfg. Co. v. Barnes,* 741 S.W.2d 349, 354 (Tex. 1987);

(4) §17.50(2): breach of the implied warranty of merchantability as defined in §2.314 of the Texas Business and Commerce Code;

(5) §17.50(3): an unconscionable action or course of action as defined by §17.45(5).

13. The limited remedies in the manufacturer's warranties failed of its essential purpose and deprived Plaintiffs of the substantial value of the bargain because Defendants did not correct the defects within a reasonable time. TEX. BUS. AND COM. CODE § 2.719. Additionally, the exclusion of consequential damages is unconscionable.

14. Plaintiff further contends that Defendants' violations of the DTPA were committed knowingly and intentionally as those terms are defined in §17.45(9) and §17.45(13) of the DTPA.

15. This conduct was a producing and/or proximate cause of actual damages to

Plaintiffs, as set forth below.

## Count 2:   Breach of Express Warranties

16. Plaintiff realleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

17. Plaintiff's purchase of the Motorhome was accompanied by express warranties offered by Defendants and extending to Plaintiff stating that Defendants would repair or replace any defective parts during the applicable warranty periods. These warranties were part of the basis of the bargain of Plaintiff's contract for purchase of the Motorhome.

18. Defendants' warranties covered any repairs or replacements needed during the warranty period due to defects in factory materials or workmanship. Any required adjustments would also be made during the applicable coverage period. All warranty repairs and adjustments, including parts and labor, were to be made at no charge. Additional warranties were set forth in the Motorhome's warranty booklet and owner's manual. When a defect was discovered, Plaintiff notified Defendants and requested that Defendants fulfill their warranty obligations by resolving the defects. However, Defendants' express warranties was breached and failed in their essential purpose because Defendants were unable to fix the Motorhome in a reasonable amount of time or repair attempts. Defendants breached the express warranties by not repairing the Motorhome's defects, or by not repairing them within a reasonable time.

19. In breach of the foregoing warranties, Defendants have failed to correct said defects in a reasonable time and manner, and have caused economic loss to Plaintiff.

20. The damages Plaintiffs have suffered are a direct and proximate result of Defendants' actions or omissions in this matter include, but are not limited to, diminution in value of the Motorhome, out of pocket expenses, attorney's fees, and loss of use.

## Count 3:   Breach of Implied Warranties

21. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in the preceding paragraphs.

22. Defendants impliedly warranted that the Motorhome, which Defendants designed, manufactured, and sold, was merchantable, that is, fit for ordinary purposes, including providing reliable and safe transportation.

23. Unfortunately, the Motorhome was of substandard quality and contained numerous latent defects at the time of purchase, that resulted in at least 12 repair visits to attempt to repair the excessive number of manufacturing defects. Because of these numerous defects, Plaintiff's Motorhome is not fit for its ordinary and intended purpose of providing reliable and safe transportation, and has caused economic loss to Plaintiff. Therefore, Defendants breached the implied warranty of merchantability.

24. The damages Plaintiff has suffered are a direct and proximate result of Defendants' actions in this matter that include, but are not limited to, diminution in value of the Motorhome, out of pocket expenses, attorney's fees, and loss of use.

## Count 4: Violation os the Magnuson-Moss Warranty Act

25. Plaintiff realleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

26. Plaintiff is a "consumer" as defined in the Magnuson-Moss Warranty Act (hereinafter "Warranty Act"), 15 U.S.C. § 2301(3).

27. Defendant Newmar is a "supplier" and "warrantor" as defined in the Warranty Act, 15 U.S.C. § 2301(4) and (5).

28. Defendant Spartan is a "supplier" and "warrantor" as defined in the Warranty Act, 15 U.S.C. § 2301(4) and (5).

29. Defendant Cummins is a "supplier" and "warrantor" as defined in the Warranty Act, 15 U.S.C. § 2301(4) and (5).

30. The Motorhome is a "consumer product" as defined in the Warranty Act, 15 U.S.C. § 2301(l), because it is normally used for personal purposes and Plaintiff in fact purchased it wholly or primarily for personal use.

31. Each and every express warranty pertaining to the Motorhome is a "written warranty" as defined in the Warranty Act, 15 U.S.C. § 2301(6).

32. The actions of Defendants, in failing to repair or replace the covered defective parts during the applicable warranty period within a reasonable time or a reasonable number of repair attempts constitute a breach of the written and implied warranties covering the Motorhome and hence a violation of the Magnuson-Moss Warranty Act.

33. Plaintiff has performed all things agreed to and required of him under the purchase agreement and warranties, except as may have been excused or prevented by the conduct of Defendants as herein alleged.

34. The damages Plaintiff has suffered are a direct and proximate result of Defendants' actions or omissions in this matter that include, but are not limited to, diminution in value of the Motorhome, out of pocket expenses, attorney's fees, and loss of use.

## DAMAGES

35. As a result of Defendants' conduct, Plaintiff has suffered actual damages, including direct, consequential and incidental damages in an amount within the jurisdictional limits of this Court. Such damages include, but are not limited to:

> (1) diminished value of the Motorhome (the difference at the time and place of acceptance between the value of the Motorhome as accepted and the value it would have had if it had been as warranted or represented);
>
> (2) loss of use;

  (3) cost of repair;

  (4) out of pocket expenses.

36. Plaintiff further contends that Defendants' violations of the DTPA were committed knowingly as those terms are defined in §17.45(9) of the DTPA. "Knowingly" means actual awareness, at the time of the act or practice complained of, of the falsity, deception, or unfairness of the act or practice giving rise to the consumer's claim or, in an action brought under Subdivision (2) of Subsection (a) of Section 17.50, actual awareness of the act, practice, condition, defect, or failure constituting the breach of warranty, but actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness.

37. Because the conduct of Defendants was done knowingly, as defined in 17.45(9) of the Texas Business and Commerce Code, Plaintiff is entitled to additional damages for a knowing violation of the DTPA pursuant to §17.50(b)(1), in an appropriate amount to be determined by the jury.

## ATTORNEY'S FEES

38. Plaintiff seeks all reasonable and necessary attorneys' fees in this case, which include the following:

  a. preparation and trial of this lawsuit;

  b. post-trial, pre-appeal legal services;

  c. an appeal to the Court of Appeals;

  d. making or responding to an application for writ of error to the Supreme Court of Texas;

  e. an appeal to the Supreme Court of Texas in the event application for writ of error is granted; and

  f. post-judgment discovery and collection in the event execution on the

judgment is necessary.

## CONDITIONS PRECEDENT

39. All notices and other conditions precedent to Plaintiff's right to recover herein have been performed or have occurred.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that Defendants be cited to appear and answer herein, and that upon final trial, he recover his actual damages, additional statutory damages, exemplary damages, attorney's fees, costs of court, pre-judgment and post-judgment interest at the highest legal rates, and such other and further relief, both general and special, at law or in equity, to which he may be justly entitled.

**RESPECTFULLY SUBMITTED:**

PATRICK LAW FIRM, P.C.

By: _____
Craig M. Patrick
State Bar No. 00792743
craig@patricklaw.com
James M. Kennedy
State Bar No. 24063295
mick@patricklaw.com

6244 E. Lovers Lane
Dallas, Texas 75214
Phone: (214) 390-3343
Fax: (469) 914-6565

**ATTORNEYS FOR PLAINTIFF
SCOTT WHITING**